IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARNEY M. WATSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0452-WS-M |
| | ) |
| TELEDYNE TECHNOLOGIES | ) |
| INCORPORATED PENSION PLAN, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the Court on the defendants' motion to dismiss. (Doc. 46). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 47, 49, 50),[1] and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

BACKGROUND

According to the amended complaint, the plaintiffs in this ERISA action were employed by the Plan sponsor. Both sought early retirement benefits under the Plan. Such benefits are actuarially reduced, but the Plan provides eligible participants an additional monthly benefit of $96 until age 62. (Doc. 45 at 4-5).

Plaintiff Smith sought the additional benefit and was denied. He appealed, and the Plan administrator paid the benefit prospectively, but not retroactively to the date Smith took early retirement. (Doc. 45 at 5).

At the time Smith won his appeal, plaintiff Watson was receiving early retirement benefits in the form of a joint and survivor annuity. The Plan

---

[1] The parties agree that the evidentiary materials may be considered on motion to dismiss without converting it into a motion for summary judgment. (Doc. 47 at 8; Doc. 49 at 4 n.1).

administrator notified Watson that he was eligible for the additional $96 monthly benefit but required Watson to waive the joint and survivor annuity in order to receive the benefit. (Doc. 45 at 5-6).

Both counts of the amended complaint are grounded in 29 U.S.C. § 1132(a)(1)(B). Count One seeks a clarification of future benefits, specifically, that conditioning payment of the $96 monthly benefit on waiver of joint and survivor annuity violates the Plan and ERISA. Count Two seeks payment of the $96 monthly benefit. (Doc. 45 at 10-11).

The amended complaint alleges generally that the plaintiffs "have exhausted any administrative remedies that may be available." (*Id*. at 6). The single ground of the motion to dismiss is that the plaintiffs have not exhausted their administrative remedies.

## DISCUSSION

"The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Lanfear v. Home Depot, Inc.*, 1223 (11th Cir. 2008) (internal quotes omitted). The Plan provides a "claims review procedure" that governs "[c]laims for benefits and requests for reviews of denied claims for benefits," which procedure involves submission of a claim for benefits (or a request for review of a denied claim) to a Plan Administrative Committee ("the Committee"). (Doc. 47-8 at 7-8). It is uncontroverted that the plaintiffs did not follow this procedure, and the defendants argue the failure is fatal. (Doc. 47 at 11-12).

The plaintiffs note that the administrative procedure addresses only "benefits," and they assert the procedure does not apply to them because they are challenging "the Administrators' interpretation of the Plan or statutory provisions." (Doc. 49 at 2, 3). The interpretation they challenge, however, is the administrator's determination that they cannot receive the $96 monthly supplement under their preferred payment option of joint and survivor annuity but

2

only under the payment option of life annuity without survivorship, (*id*. at 1, 3; Doc. 47-4; Doc. 47-6), which the plaintiffs expressly acknowledge to be a "determination of the benefit level." (*Id*. at 5). Count One, while nominally seeking a clarification of "future rights to benefits," (*id*. at 10), in reality seeks a declaration that they are even now entitled to the monthly benefit under their preferred payment option. (*Id*. at 10-11).

The plaintiffs are also challenging the administrator's determination not to pay the monthly supplement retroactively, and Count Two, which seeks those payments, is explicitly labeled a "claim for benefits." (Doc. 45 at 11).

In short, by the plaintiffs' own pleading and argument they are seeking Plan benefits in excess of those they were awarded by the administrator. The Plan thus plainly required them to file a claim with the Committee for those benefits and, if denied, to seek review from the Committee of that denial. Since it is uncontroverted that the plaintiffs did neither of these things, they have failed to exhaust their administrative remedies.

The plaintiffs insist they were "denied meaningful access to the administrative review scheme." (Doc. 49 at 4). The argument hinges on the premise that the Plan's claims review procedure does not apply and that they could not have invoked some other, hidden "internal appeals process" of which they were never informed. (*Id*. at 3). Because the claims review procedure does apply, it is irrelevant whether there was some other administrative route of which they were unaware.[2]

The plaintiffs' only other argument is that "any appeal would be futile." (Doc. 49 at 2). This is not truly an argument but merely an unelaborated ipse dixit, which raises nothing for review.

---

[2] The defendants have not suggested the existence of such a procedure. Instead, they have pointed only to the claims review procedure discussed in text.

The plaintiffs argue that "[r]emand is the proper remedy if the Court is persuaded that exhaustion is not excused." (Doc. 49 at 7). The defendants respond that when, as here, a plaintiff has bypassed the administrative procedure through no fault of the defendant, the appropriate remedy is dismissal without prejudice. (Doc. 50 at 6-7). The Court agrees with the defendants. The plaintiffs rely on Eleventh Circuit precedent which states only that "the usual remedy is … remand to the plan administrator" when the defendant has issued "an inadequate benefits termination letter," that is, when the defendant is at fault. *Counts v. American General Life and Accident Insurance Co.*, 111 F.3d 105, 108 (11th Cir. 1997). When the plaintiff has simply foregone an available administrative procedure, appellate courts have routinely approved of dismissal without prejudice.[3]

---

[3] *See, e.g., Angevine v. Anheuser-Busch Companies Pension Plan*, 646 F.3d 1034, 1038 (8th Cir. 2011) (where the defendant did not invoke an available administrative remedy, the trial court properly dismissed the claim); *Gayle v. United Parcel Service, Inc.*, 401 F.3d 222, 230 (4th Cir. 2005) (dismissal without prejudice was an appropriate remedy when "the claimants resorted to federal court without availing themselves of the plan process first"); *Zhou v. Guardian Life Insurance Co. of America*, 295 F.3d 677, 679-80 (7th Cir. 2002) (where the plaintiff filed suit rather than pursue an administrative appeal, the trial court did not abuse its discretion in dismissing the action without prejudice); *Communications Workers of America v. American Telephone and Telegraph Co.*, 40 F.3d 426, 432, 434 (D.C. Cir. 1994) (where one plaintiff had filed no initial claim and the others had filed no appeal of the initial denial of their claims, the trial court had the choice of remand or dismissal without prejudice); *Leak v. CIGNA Healthcare*, 423 Fed. Appx. 53, 54 (2nd Cir. 2011) (where the plaintiff "chose to go to federal court rather than to pursue the available administrative remedies," her lawsuit was "properly dismissed for failure to exhaust") (internal quotes omitted); *Rivera-Diaz v. American Airlines, Inc.*, 2000 WL 1022888 at *1 (1st Cir. 2000) (where the plaintiffs sued "without ever having applied for benefits," the trial court was instructed to dismiss without prejudice).

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss is **granted**.  This action is **dismissed without prejudice**.

DONE and ORDERED this 5th day of May, 2015.

s/ WILLIAM H. STEELE<br>
CHIEF UNITED STATES DISTRICT JUDGE